

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 11, 1967

Hon. Milton J. Schiller, Chairman
Contingent Expense Committee
House of Representatives
Austin, Texas

Opinion No. M-104

Re: Telephone charges of
members of the House
of Representatives.

Dear Mr. Schiller:

Your request for an opinion reads as follows:

"House Simple Resolution No. 448 by Wayne,
a copy of which is attached, was passed during
the Regular Session of the Sixtieth Legislature.

"For many years, long distance telephone
charges have been authorized and paid for from
the Contingent Fund of the House of Representa-
tives for the individual Members of the House
and charged to their respective contingent
accounts.

"Pursuant to the provisions contained on
Page 7 concerning telephone service, an official
opinion is respectfully requested as follows:

"Is it legal for the State of Texas to pay
for the monthly telephone charges of a business
telephone, located in the House Member's district,
to be used for official state business, with such
charges posted to the individual Member's contin-
gent expense account?

"We will appreciate your official opinion on
this matter at your earliest convenience."

In Terrell vs. King, 118 Tex. 237, 14 S.W.2d 786 (1929),
it was held that a Resolution was an appropriate and constitutional

-471-

method to direct the expenditure of a portion of appropriation for the expenses of members of the Legislature between sessions. In that case, the Court upheld a portion of the Resolution whereby members of an interim committee would receive certain expenses incurred in the conduct of the committee's duties. The Court stated:

> "It is manifest that certain expenditures must be made by the state, in the way of legislative expenses, or the grant of legislative power could never be effectually exercised. No one would question legislative disbursements for comfortable assembly halls and committee rooms, or for clerks, stationery, etc. Within the same category of legitimate expenses of the Legislature or of either house comes reimbursement to members for actual expenses reasonably incurred in order to perform duties devolving on duly authorized committees of the Legislature, or of either house, when such committee members are called to other points than the capital, or when called to the capital otherwise than during the sessions of the Legislature."
> 14 S.W.2d 792.

It is noted that at the time Terrell v. King, supra, was decided, Section 24 of Article III did not provide for an annual salary, but merely a per diem during the time that the Legislature was in session, and therefore performance of official duties was not on an annual basis except for such interim committee work as was assigned to interim committees created by the Legislature. In 1960, Section 24 of Article III of the Constitution of Texas was amended so as it now reads as follows:

> "Members of the Legislature shall receive from the Public Treasury an annual salary of not exceeding Four Thousand, Eight Hundred Dollars ($4,800) per year and a per diem of not exceeding Twelve Dollars ($12) per day for the first one hundred and twenty (120) days only of each Regular Session and for thirty (30) days of each Special Session of the Legislature. No Regular Session shall be of longer duration than one hundred and forty (140) days.

> "In addition to the per diem the Members of each House shall be entitled to mileage in going to and returning from the seat of government, which mileage shall not exceed Two Dollars and

Fifty Cents ($2.50) for every twenty-five (25) miles, the distance to be computed by the nearest and most direct route of travel, from a table of distances prepared by the Comptroller to each county seat now or hereafter to be established; no Member to be entitled to mileage for any extra Session that may be called within one (1) day after the adjournment of the Regular or Called Session."

It is noted that the foregoing constitutional amendment now provides in addition to per diem and traveling expenses an annual salary for members of the Legislature, thus recognizing that official duties of members of the Legislature are performed throughout the year and are not limited to duties performed while the Legislature is in session. Therefore, in determining what expenses are allowed to be paid out of the Contingent Expense Appropriation for members of the House of Representatives, it is necessary to examine the provisions of House Simple Resolution No. 448 of the Regular Session of the 60th Legislature. The provisions of House Simple Resolution No. 448 applicable to your question read as follows:

"RESOLVED, That the Contingent Expense Committee is hereby authorized and directed to credit each Representative an amount as determined by the Committee on House Administration not to exceed $200 a month during any period the Legislature is not in session. This amount is authorized to pay for the employment of a private secretary and for expenditures for stationery, supplies, postage, telephone tolls, telegraph tolls, answering service, and rental of electric typewriters and transcribing equipment. Expenditures authorized hereunder shall be paid out of the Legislative Expense Fund of the 60th Legislature or any other funds appropriated for the use of the House of Representatives; . . .

" . . .

"RESOLVED, That the Contingent Expense Committee is hereby authorized to pay for telephone service and office supplies for use of the House during any period the Legislature is not in session, same to be paid from the Legislative Expense Fund of the 60th Legislature or any other funds appropriated for the use of the House of Representatives on vouchers approved by the chairman of the Contingent Expense Committee and the Speaker and in accordance with regulations governing such expenditures approved by the Speaker; . . . ." (Emphasis added)

In view of the foregoing provisions, you are advised that it is legal for the State of Texas to pay telephone tolls and telephone services incurred in the performance of official duties by members of the House of Representatives regardless of where the telephone is located. Whether the particular bill for telephone service and/or telephone tolls submitted by members of the House of Representatives to the Contingent Expense Committee is incurred in connection with the official duties of members of the House of Representatives is within the determination of the Contingent Expense Committee.

## S U M M A R Y

A Resolution is an appropriate and constitutional method to direct expenditure of a portion of appropriation in financing expenses incurred by members of the Legislature in the conduct of their official business while the Legislature is not in session. House Simple Resolution No. 448 of the Regular Session of the 60th Legislature authorizes the payment of telephone tolls and telephone service incurred by members of the House of Representatives in connection with their official duties.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
J. H. Broadhurst
V. F. Taylor
Neil Williams
Ralph Rash

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.